UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TYLER BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00080-SNLJ |
| | ) | |
| JOSEPH WHISTLER, BRYAN BLANNER, | ) | |
| and ZANE HULVEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Tyler Banks filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Joseph Whistler, Bryan Blanner, and Zane Hulvey used excessive force during a traffic stop and arrest in violation of the Fourth Amendment. [Doc. 1]. This matter is before the Court on the defendants' motion to compel discovery responses. [Doc. 29]. For the reasons stated below, the motion is denied.

### **I. LEGAL STANDARD**

"A district court has very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481 (8th Cir. 2017). The scope of discovery is set forth in Federal Rule of Civil Procedure 26, which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Pursuant to Federal Rule of Civil Procedure 37, a party may

move for an order compelling disclosure from another party when that party has failed to answer interrogatories under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B)(iii).  Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

## II. DISCUSSION

Following the filing of the motion to compel, plaintiff supplemented his discovery responses.  In their reply brief, defendants state that the only remaining discovery disputes concern Interrogatories 20-24 [Doc. 44], which are set forth below plaintiff's responses.

> 20. Describe in detail all the facts that support your allegation that "[a]ll three Taser X26 deployments hit the intended target; Mr. Banks' body, causing him to at once fall backwards from his upright, standing position to the concrete pavement, violently striking his head, neck, and back."
>
> **ANSWER: The facts supporting my allegations are contained in the defendants' body camera footage.**
>
> 21. Describe in detail all the facts that support your allegation that "[a]t approximately 9:08:41 a.m., within that four-second timeframe, Defendants Blanner and Whistler caused three separate blasts of 50,000 volts of electrical current to pass through Mr. Banks body."
>
> **ANSWER: The facts supporting my allegations are contained in the defendants' body camera footage.**
>
> 22. Describe in detail all facts that support your allegation that "[f]rom 9:08:41 to 9:12:42 a.m., as a result of striking his head, neck and back upon the concrete pavement, Mr. Banks lost consciousness."
>
> **ANSWER: The facts supporting my allegations are contained in the defendants' body camera footage.**
>
> 23. Describe in detail all the facts that support your allegation that "[b]etween approximately 9:08:41 a.m. and 9:10:59 a.m., while Mr. Banks was unconscious,

2

Blanner forcibly kneeled on Mr. Banks' back while Defendant Hulvey kneeled on his neck causing fractures to Mr. Banks' ribs and a concussion to his head."

**ANSWER: The facts supporting my allegations are contained in the defendants' body camera footage.**

24. Describe in detail all the facts that support your allegation that "[d]efendant Officers did not seek medical attention for Mr. Banks. Rather, they transported him directly to jail. Ultimately, the state prosecutor charged Mr. Banks with the B misdemeanor of driving while intoxicated and the A misdemeanor of resisting a lawful stop/yield."

**ANSWER: Plaintiff objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the plaintiff. See police reports.**

[Doc. 44-3].

Defendants argue plaintiff's response to Interrogatories 20-23 is so broad as to be impermissibly evasive and unresponsive. [Doc. 44]. They assert that they "have no way of knowing which specific parts of the video Plaintiff believes support[] the particular allegation quoted in each interrogatory." [Doc. 30, p. 5]. As to Interrogatory 24, defendants contend that plaintiff's objection, which states that the information sought is equally available to the defendant from their own records, is not a proper objection. [Docs. 30, 44].

Interrogatories 20-24 are contention interrogatories. In general, contention interrogatories seeking facts and evidence supporting a party's allegations are proper. However, "a contention interrogatory will be considered overly broad and unduly burdensome if it seeks all facts supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Bituminous Cas. Corp. v. Scottsdale Ins. Co.*, 1:12-cv-00084-SNLJ, 2013 WL 1411544 at *1 (E.D. Mo. Apr. 8,

3

2013).  Here, the interrogatories request that plaintiff "[d]escribe in detail *all the facts* that support your allegation that …" and then refer to an allegation in the Complaint.  The discovery requests are, without question, overly broad and unduly burdensome contention interrogatories.

Further, this is a case with *detailed* factual allegations in the Complaint, including the time, down to the second, from a body camera recording.  [Doc. 1, pp. 5-9].  The allegations cover the time from 9:07:26 a.m. to 9:12:42 a.m.  [*Id.*].  It is unclear what plaintiff could offer beyond the detailed factual allegations in the Complaint and the five minutes of body camera footage referenced.   Defendants' contention that they "have no way of knowing which specific parts of the video Plaintiff believes supports the particular allegation quoted in each interrogatory" is patently false.

Finally, defendants argue that plaintiff's response fails to state his personal experience of the events such as "the information he took in through his senses," which is information solely in his possession.  This type of information, which clearly necessitates a narrative, is not intended to be provided through interrogatories but rather constitutes the nature of testimony to be obtained by deposition.

Considering the parties' relative access to the information, the parties' resources, and the burden of the proposed discovery, which requires a narrative of information in defendants' possession, plaintiff's responses are not evasive, unresponsive, nor incomplete.  Therefore, the motion to compel is denied.

### III. Case Management Order

Defendants filed their motion to compel prior to the deadline for the completion of

discovery.  *See* [Docs. 24, 29].  While the motion was pending, the Court vacated all remaining deadlines and the jury trial setting.  [Docs. 36, 40].  Although the discovery dispute addressed herein is without merit, it is clear from the briefing that there was a delay in plaintiff's responses and document production for other discovery requests.  The Court will, therefore, reopen discovery for thirty days with dispositive and *Daubert* motions due thirty days after the close of discovery.  Defendants' response to plaintiff's pending motion for summary judgment will be due twenty-one days after the dispositive motion deadline.  The Court will enter a separate Amended Case Management Order setting forth those deadlines along with a trial date in January 2027.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [Doc. 29] is **DENIED**.


**SO ORDERED** this 16th day of July, 2026


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE