UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TYLER BANKS,<br><br>Plaintiff,<br>v.<br><br>JOSEPH WHISTLER, BRYAN BLANNER, and ZANE HULVEY,<br><br>Defendants. | Case No. 1:25-cv-00080-SNLJ |

**MEMORANDUM AND ORDER**

Plaintiff Tyler Banks filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Joseph Whistler, Bryan Blanner, and Zane Hulvey used excessive force during a traffic stop and arrest in violation of the Fourth Amendment. [Doc. 1]. This matter is before the Court on defendants' Motion to Exclude Plaintiff's Expert Witness as Untimely [Doc. 47]. For the reasons stated below, the motion is denied.

**I. Background**[1]

Plaintiff filed this lawsuit on May 11, 2025 [Doc. 1]. Defendants filed a motion to dismiss, which the Court denied. [Docs. 11, 18]. On October 14, 2025, the Court held a Rule 16 Conference and entered a Case Management Order. [Docs. 23, 24]. On January 5, 2026, defendants filed a consent motion for additional time to respond to plaintiff's written discovery requests, which was granted. [Docs. 25, 26]. On January 15, 2026, defendants filed a second motion for an extension of time for that discovery; that motion

[1] The Court finds a detailed procedural background is necessary as context for its rulings herein.

was also granted. [Docs. 27, 28]. On March 5, 2026, defendants filed a motion to compel and a motion for extension of time to disclose and produce expert witnesses. [Doc. 29, 31]. The requested extension was granted. [Doc. 32]. On April 9, 2026, defendants filed a motion to modify the case management order alleging they had been unable to obtain discovery from plaintiff. [Doc. 35]. On June 5, 2026, defendants filed a motion to vacate the case management order again alleging they had been unable to obtain discovery from plaintiff. [Doc. 36]. On June 8, 2026, the Court granted the motion to vacate the case management order. [Doc. 40].

In response to the motion to compel, plaintiff produced emails showing that discovery responses had been emailed to defendants' counsel on December 4, 2025[2] and again on December 29, 2025. [Doc. 43-1]. After the filing of the motion to compel, plaintiff supplemented his discovery responses on April 20, 2026. [Doc. 44-2]. However, defendants argued several responses were still insufficient. [Doc. 44]. On July 16, 2026, the Court denied the motion to compel, finding that the responses at issue were not evasive, unresponsive, or incomplete. [Doc. 45]. The Court also entered an amended case management order, reopening discovery for thirty days, setting new deadlines for dispositive and *Daubert* motions, and setting a new trial date. [Doc. 46].

On July 23, 2026, defendants disclosed an expert witness, and on August 13, 2026, they disclosed the expert's report. [Doc. 48-1]. On August 7, 2026, plaintiff disclosed an expert witness, and on August 17, 2026, he disclosed the expert's report. [Doc. 48-4].

---

[2] Defendants' counsel states he did not receive the December 4, 2026 email. [Doc. 44].

On August 17, 2026, plaintiff also requested the documents relied upon by defendant's expert in his report [Doc. 48-3]. In response, defendants stated that discovery was closed and that they would not provide responses to any formal or informal discovery that was not timely [*Id.*].

**II. Discussion**

"A district court has very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481 (8th Cir. 2017).

Under the initial case management order, plaintiff's expert disclosures were due by February 6, 2026, and defendants' expert disclosures were due by March 9, 2026. [Doc. 24]. On March 18, 2026, defendants' expert disclosure deadline was extended to April 10, 2026. [Doc. 32]. There was no further extension of the expert disclosure deadlines. The Court acknowledges, however, that the Order vacating the case management order stated "[a]ll deadlines and the jury trial are VACATED." [Doc. 40]. Because all parties are prejudiced by the late expert witness disclosures and the Court's prior Order stated that "all" deadlines were vacated, the Court will *sua sponte* vacate the amended case management order.

Further, the Court will deny defendants' motion. Delays in this matter have been caused by both sides, and the defendants were less than forthcoming in their motion regarding the timing of their expert disclosure. And, when the amended case management order was entered extending the discovery deadline by thirty days with no mention of an extension of the expert disclosure deadlines, neither side sought clarification.

Finally, the Court notes that plaintiff filed a motion for summary judgment on June 5, 2026, which has been held in abeyance pending the completion of discovery. [Docs. 37, 40]. Given the parties' expert disclosures and the reopening of discovery, the motion is premature and will be terminated.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Exclude Plaintiff's Expert Witness as Untimely [Doc. 47] is **DENIED**.

**IT IS FURTHER ORDERED** that the amended case management order [Doc. 46] is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed scheduling order within ten days.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. 37] is **TERMINATED**.

**SO ORDERED** this 21st day of August, 2026

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE