UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TYLER BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00080-SNLJ |
| | ) | |
| JOSPEH WHISTLER, BRYAN BLANNER, | ) | |
| And ZANE HULVEY | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' motion to strike plaintiff's motion to exclude the defendants' expert. [Doc. 60]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

Plaintiff Tyler Banks filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Joseph Whistler, Bryan Blanner, and Zane Hulvey used excessive force during a traffic stop and arrest, in violation of the Fourth Amendment. [Doc. 1]. Plaintiff moved to exclude the testimony of defendants' expert. [Doc. 56]. In response, defendants filed the instant motion, arguing that plaintiff's memorandum in support of his motion to exclude [Doc. 57] is substantially "plagiarized" and should be stricken. [Doc. 60]. Defendants cite several cases in which attorneys were admonished for similar conduct. [*Id*. at pp. 2-3]. Defendants also identify factual inaccuracies in the memorandum allegedly resulting from the plagiarism, including references to the wrong type of taser and to the University City Police Department rather than the Cape Girardeau Police

Department. [Doc. 62 at p. 2]. They contend that neither they nor the Court should be required to respond to such a memorandum. [*Id.* at p. 4].

**II. DISCUSSION**

It seems that nearly all of the argument section of plaintiff's memorandum has been copied verbatim from Judge Autrey's opinion in *O'Hara v. Lott,* 4:23-cv-00442-HEA, 2025 WL 2549231, at *11–15 (E.D. Mo. Sept. 4, 2025). [Doc. 60-1]. The copied portion of *O'Hara* spans sixteen paragraphs and includes not only rules but also application of those rules to facts. [Doc. 57]. In *O'Hara*, the court excluded the testimony of Steven Ijames, the same expert witness whose testimony plaintiff seeks to exclude in this case. *See O'Hara,* 2025 WL 2549231 at *11–15; [Docs. 56, 57].

To strike the memorandum would be a sanction. A court has the inherent power to impose sanctions for bad faith abuse of the judicial process. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 38, 111 S. Ct. 2123, 2129, 115 L. Ed. 2d 27 (1991); *Schlafly v. Eagle F.,* 970 F.3d 924, 937 (8th Cir. 2020). Rule 8.4(c) provides that "[i]t is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Mo. Sup. Ct. R. 4-8.4(c).

The Court finds that plaintiff had no subjective intent to misrepresent. Instead, it seems that plaintiff, recognizing *O'Hara* as legally and factually similar, saw no need for attribution to *O'Hara* because he kept the internal citations. In other words, he argues that he did not copy statements of the law or arguments without attribution to a source. While true, he should not have borrowed from Judge Autrey's order verbatim without acknowledging that source.

The Eighth Circuit has "expressed its disapproval of a style of brief-writing that appropriates both arguments and language without acknowledging their source" when an attorney's brief seemed to have large portions of a judicial opinion but no attribution, *United States v. Jackson,* 64 F.3d 1213, 1219 at n.2 (8th Cir. 1995), and now this Court does too. *See also Goza v. City Of Ellisville*, 4:15-cv-00775 CAS, 2015 WL 4920796, at *n. 4 (E.D. Mo. Aug. 18, 2015) (expressing strong disapproval of defendants' borrowing of text from a district court order in their memorandum in support of a motion to dismiss without acknowledging that order). Plaintiff's counsel is hereby warned that clear attribution to a judicial opinion or other source that is quoted verbatim is required. Counsel is further admonished for any factual inaccuracies arising from the use of the text of Judge Autrey's opinion without alteration. The Court expects counsel to refrain from this practice going forward.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike plaintiff's motion to exclude defendants' expert [Doc. 60] is **DENIED.**

**SO ORDERED** this 23rd day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE